UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN R. BENSON, | No.  2:21-cv-02165-KJM-CKD |
| Petitioner, | |
| v. | ORDER AND |
| RAYMOND MADDEN, | FINDINGS AND RECOMMENDATIONS |
| Respondent.[1] | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2254.  Currently pending before the court is respondent's motion to dismiss the habeas petition because not all of the claims have been properly exhausted.  ECF No. 11.  Petitioner has not filed an opposition and the time to do so has expired.  For the reasons explained below, the undersigned recommends granting respondent's motion to dismiss.

**I.     Factual and Procedural Background**

Following a jury trial in the Sacramento County Superior Court, petitioner was convicted of 6 counts of lewd and lascivious acts on his daughter who was over the age of fourteen.  On

---

[1] Petitioner originally named the People of the State of California as respondent in this matter. The court will grant respondent's request to substitute the Warden of R.J. Donovan Correctional Facility, where plaintiff is incarcerated, as the proper respondent in this matter.  See Rule 2(b) of the Rules Governing Section 2254 proceedings.

1

August 2, 2019, he was sentenced to 28 years in prison. See ECF No. 13-1 (Felony Abstract of Judgment). Petitioner's conviction was affirmed by the California Court of Appeal on July 29, 2021. See ECF No. 13-2. The California Supreme Court denied his petition for review on October 13, 2021. See ECF No. 13-4. In this petition for review, petitioner asserted that the trial court abused its discretion by permitting the prosecutor to introduce evidence of uncharged offenses; California Evidence Code § 1108 was unconstitutional; the trial court erred in finding that counts 5 and 6 occurred on separate occasions; and, cumulative error occurred. ECF No. 13-3.

In his habeas corpus application, petitioner raises four claims for relief. First, he asserts that the prosecution failed to disclose favorable evidence to the defense about the victim. ECF No. 1 at 4. Next, petitioner contends that the Double Jeopardy clause was violated by convicting him based solely on prior bad act evidence. ECF No. 1 at 4. In claim three, petitioner alleges that he received ineffective assistance of counsel because his lawyer never told him about a plea offer. ECF No. 1 at 5. Lastly, petitioner asserts that the victim lied on social media.[2] ECF No. 1 at 5.

Respondent filed a motion to dismiss on February 2, 2022 asserting that the first three claims for relief are unexhausted because they were not included in the petition for review filed in the California Supreme Court. ECF No. 11 (motion to dismiss); ECF No. 13-3 (petition for review). Although petitioner filed four separate state habeas petitions, none of them were filed in the California Supreme Court. See ECF No. 13-5-ECF No. 13-11. Therefore, none of the claims raised via state habeas corpus have been properly exhausted either. Respondent seeks the dismissal of the entire federal habeas petition as a result, unless petitioner can demonstrate that a stay of these proceedings is appropriate. ECF No. 11 at 3.

**II.     Legal Standards on Exhaustion**

Pursuant to Rule 4 of the Rules Governing Section 2254 Petitions, respondent may file an "answer, motion, or other response." The Ninth Circuit has specifically approved of the use of a

---

[2] The court liberally construes this claim as an alleged due process violation based on the same argument raised in his petition for review filed in the California Supreme Court. See ECF No. 13-3 at 24-25.

motion to dismiss rather than an answer in cases where it is alleged that petitioner has failed to exhaust state court remedies. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989). A federal court must dismiss a federal habeas petition that contains any unexhausted claim for relief. See Rhines v. Weber, 544 U.S. 269, 273 (2005).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). The prisoner must "fairly present" both the operative facts and the federal legal theory supporting his federal claim to the state's highest court, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

**III.    Analysis**

After reviewing the state lodged documents submitted with respondent's motion to dismiss, the court concludes that only claim four has been properly exhausted in state court. Therefore, the court finds that claims one, two, and three are unexhausted. Although the court provided petitioner with the legal standards governing a stay and abeyance, he has not filed any such request. See ECF No. 11 (indicating that petitioner was sent a copy of a Notice to Pro Se Habeas Petitioner Regarding Exhaustion after the motion to dismiss was filed). Accordingly, the undersigned recommends granting respondent's motion to dismiss without prejudice to refiling it once all the claims are properly exhausted in state court.[3] See Rose v. Lundy, 455 U.S. at 510

---

[3] The court expresses no opinion on whether any claims raised in a subsequent 28 U.S.C. § 2254 petition would be timely filed. See 28 U.S.C. § 2244(d)(2) (describing the one-year statute of limitations governing federal habeas corpus petitions). In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct

(1982).  In the event that petitioner seeks to forego federal review of his three unexhausted claims for relief in the pending habeas application, petitioner may file a motion to withdraw his unexhausted claims for relief.

**IV.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has determined that three of the claims in your federal habeas petition are unexhausted because they were not properly presented to the California Supreme Court.  As a result, the undersigned is recommending that your petition be dismissed without prejudice to refiling it once you have properly exhausted all of your claims for relief.

If you disagree with this outcome, you have 14 days to explain why it is not correct.  You may include a request for a stay and abeyance or a request to withdraw your unexhausted claims for relief in any objections that you file.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall substitute Raymond Madden as the respondent in this matter and update the docket to so reflect.

IT IS FURTHER RECOMMENDED that respondent's motion to dismiss (ECF No. 11) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

---

review or the expiration of time for seeking direct review.  28 U.S.C. § 2244(d).  With respect to a California criminal conviction where, as here, defendant appealed and then sought review of the denial of the appeal in the California Supreme Court, the conviction becomes final upon expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Bowen v. Roe, 188 F.3d 1157, 1158–59 (9th Cir. 1999).  Petitioner is further advised that the statute of limitations is not tolled for the time period in which his federal habeas corpus petition has been pending before this court.  See Duncan v. Walker, 533 U.S. 167 (2001).

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 26, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/bens2165.mtd.mixed.2254.docx